## 22738. BENNETT v. KOVACIK.

Argued November 10, 1964—Decided December 3, 1964.

*Howard & Storey,* for plaintiff in error.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* contra.

Grice, Justice. The father's habeas corpus petition against the mother, seeking visitation and custodial rights as to their child, is for review.

The original petition of John Kovacik against Alayne Bennett, filed in the Superior Court of DeKalb County, was held subject to general demurrer, with leave to amend within a specified period. Upon timely amendment of the petition, the renewed general demurrer thereto was overruled. Error is assigned upon the latter ruling.

The essential allegations of the amended petition are in substance the following:

The plaintiff father has made requests to see and have possession and custody of the child at any time and place which the defendant mother might permit, but she has refused to allow him to see or have possession or custody of the child at any time or place.

The mother had previously obtained a divorce from the father in a specified place in the Republic of Mexico. At that time she knew she was pregnant, but she alleged in her divorce action that there were no children of their marriage. The court which granted the divorce was ignorant of her pregnancy, and therefore its decree did not make any provision for the visitation and custody of the unborn child. The mother does not hold the child under any court decree but claims that she has the exclusive right only because she is its mother.

Her detention of the child is contrary to the laws of nature, to the laws and policy of this State and to the father's natural and legal right to see, visit and have possession, control and custody of the child and to enjoy its society. He is a fit and proper person for such rights. The child needs and requires the father's protection, guidance, love and society, and its welfare and best interests will best be served by enforcing the father's rights as aforesaid.

Certain changes in conditions require the court to inquire into the child's interest and to provide for it, to wit: the child was born subsequent to the divorce decree without the Mexican court making any provision whatever for it; the mother has denied the father his legal and natural rights by restraining and detaining the child from him and denying him any right to see, visit, enjoy its society, and have its possession, control and custody; she is denying the child the guidance, protection, support and upbringing which the father is able and willing to give it; and all of the mother's acts and the changed conditions are contrary to the child's best interest and welfare.

The father is ready, willing and able to support and care for the child. He has not done any act which would cause a forfeiture under the làw of his right to its care, custody and possession.

The petition prayed, among other relief, that the court establish the respective rights of the parents as to visitation and possession of the child; that the father be awarded its custody, care, control and possession; and for general relief.

■ As we assess its allegations, the amended petition set forth a cause of action. This conclusion is not due to the recitals of alleged changes in conditions subsequent to the divorce decree. Rather, it is because the petition alleges an issue as to custody of a child between parties possessing parental rights, which issue has never been determined. *Code Ann.* § 74-107 provides that "In all cases where the custody of any minor child or children is involved *between the parents,* there shall be no prima facie right to the custody of such child or children in the father, but the court hearing such issue of custody may in exercise of its sound discretion, taking into consideration all the circumstances of the case . . . as to whose custody such child or children shall be awarded, the duty of the court being in all such cases in exercising such discretion to look to and determine solely what is for the best interest of the child or children, and what will best promote their welfare and happiness, and make award accordingly. . ." (Emphasis ours.)

The trial court properly overruled the renewed general demurrer.

■ The mother contends that since the prior ruling sustaining her general demurrer to the original petition was unexcepted to, it became the law of the case. This contention is not meritorious here where, pursuant to leave of the court to amend, the father's amendment to such petition was a material one.

We do not attach any significance to the allegations claimed to be changes in conditions subsequent to the divorce decree, since the decree made no provision as to the child. However, other allegations of the amendment are significantly material.

In its original form the petition contained allegations which required, as against general demurrer, a construction that the father did not possess any rights upon which to predicate his present claim. His allegation as to the Mexican divorce decree failed to recite whether it accorded him any rights as to the unborn child, and therefore required the inference that the court

had determined the visitation and custody of the unborn child adversely to him, so that he had no rights as to the child when he filed the instant habeas corpus proceeding. This inference was required since a pleader is presumed to have plead his case in the light most favorable to himself.

However, the amendment removed this unfavorable inference. It recited the mother's pregnancy, her failure to disclose it to the Mexican court, and the resulting omission in the divorce decree of any provision as to the child. Because of this material addition to the petition, the question of its sufficiency was again for adjudication, and the trial court's ruling upon it was correct.

*Judgment affirmed. All the Justices concur.*